IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLANE A. CORNISH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-761-JJF |
| GEORGE DANDY, FRANK COSTON, and DOUG PETTIFORD, | : |
| Defendants. | : |

Blane A. Cornish, Pro se Plaintiff.  Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

February 2{, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Blane A. Cornish ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the Complaint.

I. THE COMPLAINT

Plaintiff, an inmate at the HYRCI, participates in the CiviGenic Key Drug Program and held a position in the program called "coor, expeditor." (D.I. 2.) Plaintiff alleges that another member of the program, inmate Sean Davis ("Davis"), was discharged from the program on or about March 21, 2007, for refusing to follow program rules. Davis was sent to a punishment pod. On or about April 2, 2007, Davis was allowed to return to the program. Plaintiff alleges that on or about August 21, 2007, Davis punched him in the right eye, and injured him. He alleges that Defendant George Dandy ("Dandy"), the Director of the Key Program, should have known about Davis' problem with following rules. He alleges that Defendant Frank Coston ("Coston") should have reviewed Davis' re-entry into the program. Plaintiff

-1-

alleges the decision to allow Davis to return to the program, in turn, was a result of his eye injury. Plaintiff alleges that Defendant Doug Pettiford ("Pettiford") as well as Dandy and Coston were responsible for making sure the Key Program is a physically safe environment for Plaintiff and other Key members.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing the screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.

Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, -F.3d-, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a

-3-

claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

In essence, Plaintiff alleges that Defendants failed to protect him from harm. To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 Fed. Appx. 851, 2005 WL 2891102 (3d Cir. 2005).

To establish deliberate indifference, a plaintiff must show

that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it.  See id. at 837; Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it."  Farmer, 511 U.S. at 842.

Here, Plaintiff alleges that it was known that Davis refused to follow program rules.  The Complaint, however, does not allege that Davis was known for assaulting individuals.  Nor are there allegations that any Defendant knew that inmate Davis would assault Plaintiff and they ignored that risk.  Indeed, there are no allegations there was any indication that following his re-admittance to the program, Davis would take such action during the four month period prior to the time he assaulted Plaintiff. In the case at bar, while the actions of the prison officials

might have constituted negligence because of their knowledge that Davis was not a rule follower, the Complaint fails to indicate that the incident was caused by deliberate indifference on the part of the officials. Therefore, Plaintiff's allegations fail to state a cognizable Eighth Amendment failure to protect claim and the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

IV. **CONCLUSION**

Based upon the foregoing analysis, the Complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend his Complaint. An appropriate Order will be entered.