IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLANE A. CORNISH,              : | |
| :                                | |
| Plaintiff,          : | |
| :                                | |
| v.                             : | Civil Action No. 07-761-JJF |
| :                                | |
| GEORGE DANDY, FRANK COSTON,    : | |
| DOUG PETTIFORD, and ELAINE     : | |
| LANCASTER,                     : | |
| :                                | |
| Defendants.         : | |

Blane A. Cornish, Pro se Plaintiff.  Howard R. Young Correctional Institution, Wilmington, Delaware.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Blane A. Cornish ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 4.) Plaintiff's initial Complaint was dismissed and he was given leave file an amended complaint. (D.I. 7.)

For the reasons discussed below, the Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

The Court's Memorandum Opinion, dated February 21, 2008, sets forth the allegations contained in the original Complaint. (D.I. 6.) Plaintiff's Amended Complaint contains identical facts as found in his original Complaint. (D.I. 9.) In fact, he photocopied most of the pages from the original Complaint and included them in the Amended Complaint.

The Amended Complaint adds Elaine Lancaster as a Defendant. The new allegations in the Amended Complaint include that are "all Defendants are involved because they are responsible for making sure my patient's rights aren't violated." (D.I. 9, ¶ IV, Statement of Claim.) Plaintiff also refers to an incident on January 10, 2008, when he witnessed an inmate going through

"community member" files.  (<u>Id</u>.)

**II. STANDARD OF REVIEW**

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III. DISCUSSION**

As noted, Plaintiff simply reiterated the claims raised in his original Complaint. The new allegations in the Amended Complaint, that "all Defendants are involved because they are responsible for making sure my patient's rights aren't violated" and the witnessing of an inmate going through "community member" files, did not cure the deficiencies of the original Complaint. The allegations in the Amended Complaint fail to state a claim upon which relief may be granted. Plaintiff was given an opportunity to cure the deficiencies of the original Complaint, but failed to do so. Therefore, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV. CONCLUSION**

For the reasons discussed, the Amended Complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Further, the Court concludes that amendment of the Amended Complaint would be futile. An appropriate Order will be entered.